CHARLES W. CLARK *vs.* JEDEDIAH FREEMAN.

FRANKLIN,
January,
1833.

That an Audita Querela must be served upon all who are named as defend⎺ants, or it may be abated:

That one, who is named as defendant in an Audita Querela, and on whom no service is made, cannot be bound to answer by having notice of the suit; the statute provision about giving notice applying only to cases where service has been made.

That when service of a writ of Audita Querela is made upon one only of two defendants, and he neglects to plead in abatement, but goes to trial upon the merits, and there is a verdict against him, with nominal damages and cost, it is then too late for him to move to dismiss the suit for want of service on the other defendant; but the Court will proceed and render judgment, that the execution be set aside, with nominal damages and cost; leaving the original judgment in full force.

This cause came up from the County Court for a hearing upon a Bill of exceptions, from which it appears that this was an *Audita Querela* brought against the afore-said Freeman, and one James Dougery, to set aside an Execution in their favor against the said Clark. The writ was legally served on Freeman and *non est* was returned as to Dougery. At the September Term of the County Court 1830, said Dougery, after the plaintiff had proved notice on him, appeared and made a written motion to dismiss the action as to him ; upon this motion the Court rendered judgment, that Dougery be dismissed with his costs.,

At a subsequent Term the cause came on for trial against Freeman, on the plea of not guilty. On this plea judgment was rendered against Freeman, for one cent damages. After judgment, Freeman moved, that the action be dismissed as to him, on the ground, that, after the dismissal of Dougery, no further proceedings ought to be had in the case. This motion was over ruled, and judgment rendered against Freeman. To both decisions exceptions were taken, and now come here for consideration.

*Smalley and Adams, for defendant.*—Contended that the precise point, involved in this case, was determined in the

Franklin,
*January,*
1833.

Clark.
*vs.*
Freeman.

case of Prop. Society is Ballard 4 Vt. R. 119. Compile Stat. 64, 74, 61, 101, 87, 323.

The abatement of the suit as to either of the defendants is an abatement as to both. All proceedings in the cause became nugatory and absurd on the severance of the parties. By dismissing Dougery from the *Audita Querela,* it follows, that he may rightfully detain the plaintiff on the execution, whilst Freeman, by the last judgment of the County Court, is condemned to pay damages for this detention. Dougery's rights are affected without his having an opportunity of protecting them.

All the defects of service in this case appear from the face of the writ; and therefore, it was unnecessary to plead them.

Guild vs. Richardson 6, Pick 364, Casevs. Humphrey, 6, Con. R. 130, and authorities there cited.

*Smith and Stephens, for plaintiff.*—If Dougery is considered out of the cause, yet Freeman has no right to move to dismiss after a trial upon the merits. He should have pleaded in abatement, before the expense of a trial upon the merits.

Hutchinson, C. J.—A judgment having been recovered in favor of Dougery and Freeman, against the present plaintiff, Clark, this writ of Audita Querela, to set aside the execution upon that judgment, should clearly have been served upon both of said creditors; and for want of such service on both, it ought to abate or be dismissed, if a plea, or motion to that effect had been interposed in due time. The Statute has pointed out a way in which service can be made in all possible cases, to bring again into Court parties, who have once recovered judgments, for the purpose of correcting those judgments, if erroneous. But, if the action is entered in Court without service, notice of the suit, merely, will not make other persons, than those on whom service has been made, parties to the suit. The plaintiff proceeded just as if a service had been made on Dougery, and gave him notice of the suit. He might safely have disregarded that notice. But he, fearful, perhaps,

Clark.
vs.
Freeman.

of the consequence of standing aloof, appeared and filed a; written motion to be dismissed from the suit. His motion prevailed. Had he appeared for the purpose of any other defence in the suit, than to move his dismissal, or to take advantage of the want of service in some way, it would have made him a regular party to the suit. But his appearance to move the dismissal did not bind him as a party.

Again, if Freeman would abate or dismiss the suit, it was incumbent on him to file his plea or motion in due season ; and not plead to the merits, and put the plaintiff to the expense of a trial upon the merits, and afterwards. move to dismiss the suit. By the judgment, rendered in the County Court, the execution is set aside, leaving the original judgment in full force, and the plaintiff recovered one cent damages and his cost ; and that judgment is af- firmed.